UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH SIMON,<br><br>Plaintiff,<br><br>v.<br><br>X CORPORATION,<br><br>Defendant. | ) | No. 1:26-mc-00042-JPH-MKK |

**ORDER STAYING ENFORCEMENT OF SUBPOENA**

X Corporation, which owns the social media platform "X," has a pending lawsuit in the Northern District of Texas against Media Matters for America, alleging that Media Matters published defamatory articles. *See* dkt. 26 at 8; *cf. X Corp. v. Media Matters for America*, No. 4:23-cv-1175-O (N.D. Tex. 2023). In that case, the district court granted X Corp.'s motion to compel discovery from Media Matters in September 2024. *See* dkt. 2 at 14. Media Matters filed an interlocutory appeal, and in October 2024, the Fifth Circuit stayed the district court's order compelling discovery. *X Corp. v. Media Matters for America*, 120 F.4th 190 (5th Cir. 2024) (staying order compelling production because "Media Matters is likely to succeed on the merits of its appeal"). The interlocutory appeal remains pending and "has been placed in abeyance" pending the district court's ruling on venue. *X Corp.*, No. 24-10900 dkt. 153 (5th Cir. Aug. 27, 2026); *see* dkt. 2 at 15. The Fifth Circuit's stay of the order compelling discovery remains in place. *See* dkt. 32 at 18–19.

On August 6, 2026—nearly two years after the Fifth Circuit stayed the district court's order compelling Media Matters to produce certain records in discovery—X Corp. served a subpoena on nonparty Deborah Simon, seeking documents about Media Matters and X Corp. *See* dkt. 2 at 16–18; dkt. 26 at 8–9. In this district, Ms. Simon has filed a motion to quash that subpoena, arguing that it infringes on her First Amendment rights and is unduly burdensome, and that X Corp. can discover the information it seeks elsewhere. Dkt. 1; dkt. 2 at 2. In the alternative, Ms. Simon requests a protective order staying enforcement of the subpoena pending the Fifth Circuit's decision in the interlocutory appeal. Dkt. 2 at 35–37.

Ms. Simon argues that a stay is appropriate because the discovery requests at issue in the interlocutory appeal overlap with the requests in X Corp's subpoena directed to her. *Id.* at 28. She therefore contends that the Fifth Circuit's decision "could provide important guidance and limiting principles, and bear on the question of alternative sources" for X Corp.'s requested information. *Id.* X Corp. disputes that the subpoena is "an improper end-run around" receiving discovery from Media Matters and contends that Ms. Simon has not shown good cause because a stay would not conserve resources. Dkt. 26 at 32–34.

"[A]ny person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* "This protective order may forbid discovery

altogether or dictate circumstances under which the discovery must occur." *Lopez v. State Farm Fire & Cas. Co.*, No. 1:24-cv-1429-JPH-KMB, 2025 WL 1475421 at *2 (S.D. Ind. May 22, 2025). "To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Here, the discovery requests directed to Ms. Simon overlap substantially with the discovery requests under consideration in the interlocutory appeal to the Fifth Circuit. As X Corp. admits, it is seeking "evidence of Media Matters's own statements and conduct" from Ms. Simon. Dkt. 26 at 24–25 (explaining that X Corp. is seeking "documents . . . [that] record what Media Matters was telling its funders about its campaign against X"). X Corp. does not explain why it cannot get that discovery from Media Matters itself if X Corp. prevails in the Fifth Circuit. *See id.* Instead, X Corp. argues that it has "exhausted reasonable alternative sources" for the information because "Media Matters has resisted producing donor-related information." *Id.* at 26. But Media Matters is not currently required to produce that discovery under the Fifth Circuit's order granting a stay pending appeal, so X Corp. has not shown that Media Matters has impermissibly stonewalled discovery productions. *See id.*

X Corp. also admits that the legal issues raised here have already been decided by the Northern District of Texas in the "order now on appeal before the Fifth Circuit." Dkt. 27 at 5 (arguing that Ms. Simon's motion "invite[s]" this Court "to answer questions now before the Fifth Circuit, and possibly to answer

them differently"). X Corp. therefore recognizes that "the Fifth Circuit is poised to issue an opinion on the same donor-communication question raised here." Dkt. 35 at 5. A stay here would be congruent with the Fifth Circuit's order and allow that Court to address the proper scope of discovery before Ms. Simon must respond to X Corp's subpoena. *See Wilk v. American Med. Ass'n*, 635 F.2d 1295, 1300 (7th Cir. 1980) ("[F]ederal civil discovery may not be used merely to subvert limitations on discovery in another proceeding.").

Ms. Simon has also shown that it would take substantial resources to comply with the subpoena, which would present an undue burden if compliance were required before the Fifth Circuit resolves the interlocutory appeal. The subpoena is broad—it requests, for example, "[a]ll documents concerning (a) X, (b) Elon Musk, (c) the Articles [published by Media Matters], (d) the Matter, or (e) misinformation, content moderation, ad adjacencies, brand safety, or advertising." Dkt. 4-21 at 6–9 (Request for Production 1); *see* dkt. 32 at 17 (explaining that the subpoena seeks two-and-a-half years of documents). Ms. Simon has explained that responding "would potentially require attorneys to collect documents from my personal devices, including my personal correspondence and correspondence related to organizations irrelevant to the Texas action." Dkt. 3 at 5 (Simon decl.). At the least, responding would be expensive and time-consuming, imposing burdens on Ms. Simon that may prove unnecessary or may be mitigated after the Fifth Circuit's ruling. *See id.* at 5–6.

Waiting for the Fifth Circuit's resolution of the interlocutory appeal is also the route the District of Colorado recently took in a nearly identical matter. *See Gill Foundation v. X Corp.*, No. 1:26-mc-00160-RMR, dkt. 18 (D. Colo. Oct. 27, 2026). That court explained that "[t]he Fifth Circuit's forthcoming ruling . . . will address two of the substantive issues currently before the Court: the scope of discovery in X's underlying lawsuit and the application of the First Amendment to X's discovery requests." *Id.* at 6. So, if the Fifth Circuit required Media Matters to provide discovery, requiring a non-party to provide that same discovery "would be 'unreasonably cumulative or duplicative'" under Rule 26(b)(2)(C)(i). *Id.* at 8. The same concerns are true here, supporting a stay.

Ms. Simon has therefore shown good cause for a stay. *Cf. In re Application of Venequip, S.A. v. Caterpillar Inc.*, 83 F.4th 1048, 1058 (7th Cir. 2023) (explaining, in the foreign-discovery context, that "[t]he [district] judge's careful wait-and-see approach is especially appropriate as an expression of respect for the prerogatives of the Swiss court—the forum freely and intelligently chosen by the parties—and the deference owed to its views about the scope of discovery needed to resolve this dispute.").

The enforcement of X Corp's subpoena directed to Ms. Simon is **STAYED**. After the Fifth Circuit rules on Media Matters's interlocutory appeal, the parties must confer "in a good faith attempt to resolve" any remaining disputes. S.D. Ind. L.R. 37-1(a). Within 21 days of the Fifth Circuit's ruling, the parties **SHALL EACH FILE** a position statement not to exceed 10 pages, addressing

how the Fifth Circuit's ruling affects the stay entered in this case, and the pending motions to quash and transfer.

**SO ORDERED.**

Date: 11/17/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel